UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCEL C. BRISTOL,

                        Plaintiff(s),                **ORDER**
                                                                  CV 08-3480 (JFB)(WDW)

      -against-

NASSAU COUNTY,

                        Defendant(s).
-----------------------------------------------------------------X

**WALL, Magistrate Judge:**

By order dated April 8, 2009, I stayed discovery in this case because in this action the plaintiff has made Section 1983 claims for false arrest and malicious prosecution based on incidents that led to criminal charges against him in state court. DE[29]. At the time the earlier order was issued, those criminal charges were still pending. On March 30, 2010, the plaintiff wrote to District Judge Bianco, noting his conviction in criminal court and inquiring about the continued stay. DE[35]. The court has construed that letter as a motion to lift the stay and converted it in the docket to a motion. The defendants responded by letter dated April 13, 2010, reporting that the state proceedings are still ongoing, inasmuch as Bristol has appealed his state court conviction and asking that the stay continue. DE[36]. I find that the stay should continue.

"A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." *Johnson v. New York City Police Dept.*, 2003 WL 21664882, *2 (S.D.N.Y. July 16, 2003) (citing *United States v. Kordel,* 397 U.S. 1, 12, n.27 (1970); *Estes-El v. Long Island Jewish Medical Center*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995)("It is well settled that the Court may (and indeed, should) stay a federal Section1983 action until resolution of parallel state court criminal proceedings."); *see also Wallace v. Kato,* 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim

before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Volmar Distributors, Inc. v. The New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

In exercising that discretion, courts look to six factors: (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interest of and burden on the defendants; (5) the interest of the courts; and (6) the public interest. *Johnson,* 2003 WL 21664882 at *1 (citing *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). "'A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter.'" *Id.*, (quoting *Brock v. Tolkow,* 109 F.R.D. 116, 119 (E.D.N.Y. 1985); *see also Volmar,* 152 F.R.D. at 39.

The similarity of subject matter was the reason for the imposition of the stay originally, and is the primary basis for continuing the stay. The civil and criminal actions in this matter arise, to a marked extent, out of the same events. Bristol's conviction in the state criminal action, if upheld on appeal, will bar his false arrest and malicious prosecution claims. *See Estes-El,* 916 F. Supp. at 269. Further, the broader discovery allowed to the plaintiff in the civil action could prejudice the defendants in the state court action.

The court has not found a case that expressly states that an appeal of a conviction

2

constitutes a continuation of the state court criminal proceedings for stay purposes, but common sense dictates that conclusion, and courts have imposed a stay in cases where the conviction has been entered, but an appeal was still pending. *See, e.g., Elwood v. Metropolitan Area Task Force,* 2000 WL 1099881 (E.D. La. Aug. 4, 2000) (granting plaintiff's motion to stay while his conviction was on appeal)(citing *Estes-El)*. Here, Bristol has been convicted, and he would have to overturn that conviction through the appellate process before proceeding with this action. He cannot be permitted to use this civil action as a collateral attack on his conviction.

The plaintiff has expressed no prejudice or other compelling interest that would mandate lifting the stay, and it is in the best interest of both the courts and the public to continue the stay of discovery herein until Bristol's appeals to the state court are exhausted. The plaintiff shall inform the court when those appeals are decided.

The plaintiff also complains that although he filed his narrative statement after the stay was imposed, the defendants have failed to file theirs. Their obligation to do so is stayed by the prior order and this one. When the appeals process is concluded, the court will issue a new discovery schedule based on the claims, if any, that remain viable.

A copy of this order will be mailed by the court to the pro se plaintiff.

Dated: Central Islip, New York  **SO ORDERED:**
      April 22, 2010

                                          /s/ William D. Wall
                                          WILLIAM D. WALL
                                          United States Magistrate Judge