UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

MARCEL C. BRISTOL,

                           Plaintiff,

- against -

NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, A.D.A. LAUREN
DODDATO, A.D.A. JANE DOE, SGT.
WILLIAM GUNTER, and DET. RONALD S.
SCHEPIS,

                          Defendants.

----------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 1 2 2016 ★

BROOKLYN OFFICE

## MEMORANDUM DECISION AND ORDER

08 Civ. 3480 (AMD) (SIL)

**ANN DONNELLY**, District Judge.

The *pro se* plaintiff brings this Section 1983 *in forma pauperis* lawsuit alleging false arrest, malicious prosecution, and excessive bail in connection with his allegedly unlawful arrest and prosecution for grand larceny, criminal possession of a forged instrument, identity theft, and a scheme to defraud. The defendants Nassau County, Nassau County Police Department, Assistant District Attorney ("ADA") Lauren Doddato, ADA "Jane Doe," Sergeant William Gunter, and Detective Ronald Schepis move for judgment on the pleadings pursuant to Rule 12(c).

In his opposition to the defendants' motion, the plaintiff agrees to dismiss his claims against the defendants in their official capacity, the claims against the Nassau County District Attorney's Office, and the claims against Nassau County Police Department.[1] (Pl.'s Opp. to

---

[1] The plaintiff did not plead claims against the Nassau County District Attorney's Office in this action.

1

Mot. to Dismiss at 28 (ECF No. 108).) The plaintiff's motion to withdraw those claims is granted. The plaintiff also requests an amendment to his complaint and argues that "[t]his motion should rather be decided under Rule 56 for summary judgment in favor of plaintiff." (Pl.'s Opp. to Mot. to Dismiss at 10 (ECF No. 108).)

For the reasons discussed below, I deny the plaintiff's request to substitute Detective John Harvey for named-defendant Sergeant William Gunther, deny the plaintiff's motion for summary judgment, and grant the defendants' motion to dismiss. Further, pursuant to 28 U.S.C. § 1915(e)(2)(B), I *sua sponte* dismiss the excessive bail claim. The plaintiff's complaint is dismissed in its entirety. Because any amendment would be futile, the plaintiff is not granted leave to amend his complaint.

## BACKGROUND

The plaintiff alleges that on January 4, 2008, Sergeant William Gunter and Detective Ronald Schepis stopped the car in which the plaintiff was a passenger without justification, and arrested him without a warrant. (Compl. ¶¶ 1, 8.)[2]

In a search incident to the plaintiff's arrest, the officers recovered money and the plaintiff's Pepcid medication, which he says he takes twice a day to manage gastroesophageal reflux disease. (Compl. ¶ 10.) The plaintiff claims that the police officers withheld his medication until he agreed to speak to them without his lawyer. (Compl. ¶ 11.)

During an interview at the precinct stationhouse, the officers advised the plaintiff that they investigate "forgery, counterfeit, and identify theft," and they believed the plaintiff had taken "unauthorized loans" from credit unions. (Compl. ¶ 10.) The plaintiff complains that the officers repeatedly interrupted the interview to consult with the District Attorney's Office and

---

[2] The plaintiff complains that the driver's car was impounded, and that the driver "underwent a grilling interrogation by the defendants." (Compl. ¶¶ 8, 10.) The plaintiff does not have standing to assert claims on the driver's behalf.

2

others in the police precinct. (Compl. ¶ 12.) Further, the plaintiff says that Assistant District Attorney ("ADA") Lauren Doddato provided the officers with legal advice as law enforcement prepared the "seven felony complaints" upon which the plaintiff was later arraigned. (Compl. ¶ 12.) The plaintiff alleges that the felony complaints were "fabricated and fraught with perjury." (Compl. ¶ 13.) Moreover, he says that the preparation of seven "unwarranted felony complaints" operated to "guarantee plaintiff's detention on excessive bail." (Compl. ¶ 15.) In his amended complaint, the plaintiff accuses ADA Doddato of "willfully concoct[ing] an accusatory instrument, purported to be an indictment [w]hen she knew it was invalid." (Am. Compl. ¶ 9.)[3]

On August 21, 2008, the plaintiff filed his complaint in this action ("*Bristol I*"), and amended his complaint on December 1, 2008. (ECF No. 13.) The defendants answered. (ECF Nos. 15, 17.)[4] The Court granted the defendants' request to stay discovery pending conclusion of the plaintiff's state court criminal action. (ECF Nos. 27, 29.)[5]

At the June 3, 2009 pretrial suppression hearing, the plaintiff's attorney argued that the plaintiff was arrested without probable cause and that physical evidence obtained during a search incident to the arrest should be suppressed. (Tr. of Pretrial Hearing at 107 (ECF No. 117).) The plaintiff's lawyer also argued that the plaintiff's statements to detectives should be suppressed because he was allegedly denied the right to speak to an attorney. (Tr. of Pretrial Hearing at 110 (ECF No. 117).) The plaintiff's lawyer did not argue, and the evidence presented at the hearing

---

[3] The plaintiff's amended complaint does not stand on its own; rather, the plaintiff's submission purports to amend the initial August 21, 2008 complaint by denoting revisions to the initial complaint. *Cf. Davidson v. Canfield*, No. 07-CV-599S SR, 2012 WL 6087486, at *3 (W.D.N.Y. Dec. 6, 2012) (amended complaint should be "intended to **completely replace the prior complaint in the action**.") (emphasis in original). Because district courts are to treat the pleadings of *pro se* plaintiffs liberally, I read the complaint, as supplemented by the amended complaint.
[4] This case was previously before Judge Joseph Bianco, and was reassigned to me in November of 2015.
[5] Over the plaintiff's objection, the stay was extended during the plaintiff's appeal of his criminal conviction. (ECF Nos. 33–38, 44.)

does not suggest, that the defendants withheld medication from the plaintiff at the stationhouse or otherwise coerced him into making any statements.

The Honorable James McCormack found that the arresting officer, Detective Schepis, had probable cause to arrest the plaintiff. (Tr. of Pretrial Hearing at 124 (ECF No. 117).) Further, the court found that the plaintiff was advised of his *Miranda* rights in the early afternoon of January 4, 2008, that he made a knowing, voluntary, and intelligent waiver of those rights, and that the statement that the police obtained at the precinct was voluntarily obtained—"not the product of any force[], . . . coercion, or promises of leniency."[6] (*Id.* at 125–126.)

Following a jury trial in which he represented himself, the plaintiff was convicted on September 17, 2009 in the Supreme Court, Nassau County, of three counts of grand larceny, two counts of criminal possession of a forged instrument, four counts of identity theft and a scheme to defraud. *People v. Bristol*, 102 A.D.3d 881, 882 (App. Div. 2d Dep't 2013). He was sentenced as a predicate felony offender to an indeterminate prison term of from five to ten years.

While he was still incarcerated, the plaintiff brought a second lawsuit in the Eastern District against many of the same defendants. *Bristol v. Queens Cty., et al.*, No. 09-cv-5544 ("*Bristol II*").[7] In that complaint, he alleges that the Nassau County defendants arrested him on January 4, 2008, "referred the same charges" to the Queens County Defendants, and the Queens County defendants "re-arrested" the plaintiff in the Nassau County jail, without probable cause." (*Bristol II* Compl. ¶ 11, 17.) The Nassau County defendants moved to dismiss on June 7, 2010. (*Bristol II*, No. 09-cv-5544 (ECF Nos. 42–44).) The plaintiff opposed and moved for summary judgment. (*Bristol II*, No. 09-cv-5544 (ECF No. 50).)

---

[6] The plaintiff refused to be present in court for the hearing. (Tr. of Pretrial Hearing at 7 (ECF No. 117).)
[7] *Bristol II* was reassigned from Judge Joseph Bianco to Judge Joan Azrack in January of 2015.

4

In a Report and Recommendation on the Nassau County defendants' motion to dismiss, Magistrate Judge A. Kathleen Tomlinson observed that "the specific allegations facing the Nassau County Defendants in this action all appear to arise out of Plaintiff's initial arrest in January 2008, which is the basis of *Bristol I*." *Bristol II*, 2011 WL 6937468, at *6 (E.D.N.Y. Feb. 28, 2011), *report and recommendation adopted sub nom. Bristol v. Cty. of Nassau*, No. 09-cv-5544-JFB-AKT, 2012 WL 10484 (E.D.N.Y. Jan. 3, 2012).[8] Consequently, in construing the plaintiff's *Bristol II* complaint liberally, Judge Tomlinson "[l]ook[ed] back to *Bristol I*" because there, the allegations were directed solely to employees of Nassau County. *Id.*, at *10. Judge Tomlinson found that the plaintiff's "own words demonstrate that ADA Doddato and ADA 'Jane Doe' took no part with the arresting officers in the actual arrest" of the plaintiff." *Id.* Because the acts alleged included only the "professional evaluation of evidence assembled by the police . . . along with ADA Doddato's determination of which offenses would be charged in the seven felony complaints" Judge Tomlinson concluded that absolute immunity can be "gleaned from the complaint." *Id.* (citations omitted). Judge Joseph Bianco adopted Judge Tomlinson's recommendation to dismiss all claims asserted against the District Attorney defendants on the basis of absolute immunity. *Bristol v. Cty. of Nassau*, No. 09-cv-5544-JFB-AKT, 2012 WL 10484, at *1 (E.D.N.Y. Jan. 3, 2012) (adopting report and recommendation in its entirety).[9]

In February of 2012, the plaintiff appealed his criminal conviction and his sentence on the grounds, among others, that his arrest was not supported by probable cause and there was insufficient evidence to convict him. (Appellant's Pro Se Brief at 21, 50 (ECF No. 115-14).)

---

[8] However, Judge Tomlinson declined to recommend dismissal pursuant to the doctrine of duplicative litigation on the grounds that the pleadings in *Bristol II* primarily address the circumstances and events surrounding the plaintiff's prosecution in Queens County. *Bristol II*, 2011 WL 6937468, at *5.
[9] *Bristol II* is ongoing.

The plaintiff did not argue that his medication was withheld from him at the precinct stationhouse, or that his statements to the police were coerced.

On January 23, 2013, the Appellate Division Second Department reversed the plaintiff's conviction. While the court rejected his claims about the sufficiency of the evidence and the lawfulness of his arrest, the court faulted the trial judge's decision to allow the plaintiff to represent himself. For that reason, the court ordered a new trial. *People v. Bristol*, 102 A.D.3d at 882.

Following the reversal, the plaintiff's attorney moved to dismiss the criminal case in the interests of justice. (Aug. 13, 2013 Short Form Order at 2, *People v. Bristol*, Ex. E to Pl.'s Mot. to Dismiss (ECF No. 104).) In support of this application, defense counsel argued the following factors: the plaintiff's age, the fact that he had already served the minimum term of his sentence, and that he was going to be deported to Haiti regardless of the outcome of his criminal case. *Id.* at 2–3. The People opposed, citing the plaintiff's record, the seriousness of the crime, and the strong proof of Mr. Bristol's guilt. *Id.* at 3. The Honorable Christopher Quinn denied the application. *Id.* at 5.

In February of 2014, the plaintiff was released from custody on his own recognizance. (Defs.' Status Report, Mar. 24, 2015 (ECF No. 84).) He was then apprehended by U.S. Customs and Immigration officials and deported to Haiti, where he now resides. *Id.* On February 27, 2014, a Nassau County Court judge issued a bench warrant because the plaintiff did not appear on his criminal case. According to the Office of the Nassau County Attorney, the Nassau County District Attorney did not plan to extradite the plaintiff; should the plaintiff ever return to the jurisdiction, he would face arrest on the warrant. *Id.*

On August 22, 2014, the instant civil case was dismissed for failure to prosecute. (ECF No. 81.)[10] Following the plaintiff's motion to set aside the dismissal (ECF No. 82), Judge Bianco ordered that the case be reopened, lifted the stay of discovery, and referred the action to the Magistrate Judge to oversee discovery. (ECF Nos. 83, 85.) On December 30, 2015, the defendants moved for judgment on the pleadings as to the entirety of Mr. Bristol's amended complaint. The plaintiff opposed, and included a request to substitute "Harvey John" for the defendant William Grunter. The plaintiff also argued that I should decide this case his favor pursuant to Rule 56. For the reasons set out below, the plaintiff's complaint is dismissed without leave to amend.

## DISCUSSION

### I. Motion to Dismiss Pursuant to Rule 12(c)

The defendants move for judgment on the pleadings pursuant to Rule 12(c). The standard applicable to a motion to dismiss under Rule 12(b)(6) applies to a Rule 12(c) motion for judgment on the pleadings. *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). In deciding the motion for judgment on the pleadings, the court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration in original). Submissions filed by a *pro se* litigant are to be "liberally construed," and a *pro se* plaintiff's complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation

---

[10] In the meantime, the plaintiff filed yet another lawsuit against Nassau County and individual defendants. *Bristol v. Schenk*, No. 14-cv-6647-JFB-AKT. In that lawsuit, the plaintiff alleges that that the defendants deprived him of his rights not to be punished twice for the same offense, not to be seized without due process, not to have his property seized without due process, and his right to be free from cruel and unusual treatment. *Bristol v. Prob. Dep't of Nassau Cty.*, No. 14-cv-6647-JFB-AKT, 2016 WL 873336 (E.D.N.Y. Mar. 8, 2016). That case is pending in front of Judge Bianco.

marks and citation omitted). However, even a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Iqbal* and *Twombly* to a *pro se* complaint). The court will dismiss the complaint if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, consideration is "limited to the factual allegations in plaintiff['s] amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff [ ] had knowledge and relied on in bringing suit." *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007) (alterations in original); *see also Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993) (On a Rule 12(b)(6) motion, "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken are considered."). Dismissal is appropriate when the defendants raise "collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law." *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003) (citing *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

The defendants request that I take judicial notice of the Appellate Division, Second Department's decision, remitting Mr. Bristol's criminal action for a new trial, *People v. Bristol*, 102 A.D.3d 881 (App. Div. 2d Dep't 2013), and the August 15, 2013 order declining to dismiss

Mr. Bristol's criminal case. (Ex. E to Pl.'s Mot. to Dismiss (ECF No. 104).) Matters of which judicial notice may be taken under Rule 201 of the Federal Rules of Evidence include public records. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also Awan v. Ashcroft*, No. 09-cv-1653-JS-AKT, 2010 WL 3924849, at *2 (E.D.N.Y. Sept. 28, 2010). Moreover, courts "routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer*, 937 F.2d at 774; *see also Elliott v. Nestle Waters N. Am. Inc.*, No. 13-cv-6331-RA, 2014 WL 1795297, at *8 (S.D.N.Y. May 6, 2014) ("the Court may properly take judicial notice of the decisions to the extent that they establish that such decisions were rendered, though not to establish the truth of any matter asserted in the decisions."). I therefore take judicial notice of the Appellate Division, Second Department's decision and Judge Quinn's order denying the plaintiff's application to dismiss.

The plaintiff appends exhibits to his submission that I exclude from consideration.[11] I do not take judicial notice of these materials—and the plaintiff has not requested that I do—because they are not facts of which judicial notice may properly be taken. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Petschauer v. United States*, No. 13-cv-6335-NGG-VMS, 2016 WL 1271035, at *4 (E.D.N.Y. Mar. 29, 2016) ("courts regularly refuse to take judicial notice of incident reports, arrest reports, and police reports."). Nor were these documents attached to the

---

[11] The exhibits appear to be a copy of the of his criminal case file, excerpts from depositions, a Nassau County Sheriff's Department Inmate History for the plaintiff, Certification of a Grand Jury indictment, a Felony Property Seizure Report, a News Day article, and a partial transcript from his criminal proceeding.

complaint or incorporated by reference. Moreover, there is no basis to treat the defendant's motion as one for summary judgment.[12]

### A. *Probable Cause to Arrest*

The plaintiff complains that the defendants are liable under Section 1983 for false arrest and malicious prosecution.[13] In their motion to dismiss, the defendants argue that the false arrest and malicious prosecution claims cannot survive because the arresting officers had probable cause to arrest the plaintiff. Probable cause to arrest is a "complete defense" to claims of false arrest and malicious prosecution. *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013); *Stansbury v. Wertman*, 721 F.3d 84, 94–95 (2d Cir. 2013) (Because lack of probable cause is an element of a malicious prosecution claim, "the existence of probable cause is a complete defense to a claim of malicious prosecution.").

The defendants assert that the court should give preclusive effect to the Second Department's decision that Mr. Bristol's "arrest was supported by probable cause," and the "verdict of guilt was not against the weight of the evidence." (Defs.' Mot. to Dismiss at 8,

---

[12] The plaintiff seems to be asking that I treat the defendant's motion as one for summary judgment under Rule 56 and rule in his favor. Pursuant to Rule 12(d), the court must treat a motion under Rule 12(c) as one for summary judgment if matters outside the pleadings are presented and not excluded by the court. Fed. R. Civ. P. 12(d). However Rule 12(d) also provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" before treating a motion under Rule 12(c) as one for summary judgment under Rule 56. This requirement has not been met. As the plaintiff repeatedly asserts, discovery has been stayed for much of this litigation, and thus, the defendants have not had a reasonable opportunity to confirm or challenge the reliability of the information contained in the plaintiff's exhibits. *See McKenzie v. Grand Cent. P'ship*, No. 14-cv-6549-KAM-LB, 2016 WL 1180191, at *3 (E.D.N.Y. Mar. 25, 2016) (denying request to convert 12(b)(6) motion as one for summary judgment on the basis that the plaintiff had outstanding discovery requests). Accordingly, I exclude the matters outside of the pleadings of which I have not taken judicial notice, and I do not convert this motion, pursuant to Rule 12(d), to a motion for summary judgment. I will instead consider this motion as a motion to dismiss.

[13] The plaintiff alleges both "unlawful arrest and false imprisonment" (Compl. at 1), but I treat these as one cause of action for false arrest. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("[F]alse arrest is a species of false imprisonment . . . ."). The plaintiff also claims that ADA Doddato "willfully concocted an accusatory instrument, purported to be an indictment." (Am. Compl.). I construe this as a component of the plaintiff's malicious prosecution claim. *See Pinero v. Casey*, No. 10-cv-4803-JSR-JCF, 2012 WL 832509, at *8 (S.D.N.Y. Mar. 13, 2012) (treating allegation that the indictment was "fabricated" and "bogus" as a malicious prosecution claim).

*Bristol I* (ECF No. 105) (citing *People v. Bristol*, 102 A.D.3d at 882).) Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under New York law, issue preclusion, also known as collateral estoppel, has two elements: "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins*, 478 F.3d at 85 (quoting *Juan C. v. Cortines*, 89 N.Y.2d 659, 667 (N.Y. 1997)). Put another way, the doctrine of issue preclusion "precludes a party from relitigating . . . an issue clearly raised in a prior action . . . and decided against that party . . . whether or not the tribunals or causes of action are the same." *Tsirelman v. Daines*, 19 F. Supp. 3d 438, 449 (E.D.N.Y. 2014) (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984)); *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."). It is "well-settled" that issue preclusion may bar a plaintiff from bringing a Section 1983 action in federal court. *Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 723 (W.D.N.Y. 2015) (citations omitted); *see also Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996) (in actions brought under Section 1983, collateral estoppel "serves the important purpose of promoting comity between State and federal courts.").

The party seeking to invoke issue preclusion bears the "burden of showing that the issues are identical and were necessarily decided in the prior action," and the party opposing its

application bears the "burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues." *Proctor v. LeClaire*, 715 F. 3d 402, 414 (2d Cir. 2013) (citation omitted).

In order for the "identity" and "actually litigated" requirements to be satisfied, the issue "must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006) (citing *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 667 (N.Y. 1990)). At the plaintiff's suppression hearing, his lawyer argued that the police did not have probable cause to arrest him, and that the physical evidence recovered during the arrest should be suppressed. He also argued that the plaintiff's statements were coerced, and should be suppressed. The hearing court rejected both arguments and found that the plaintiff's arrest was supported by probable cause, and that his statements were knowing and voluntary.

The Second Department affirmed the hearing court's ruling.[14] *People v. Bristol*, 102 A.D.3d at 882. The questions in New York state court—whether the police officers had probable cause to arrest the plaintiff and whether the plaintiff's statements to law enforcement were voluntary—were identical to the issues here, and were resolved against the plaintiff. *See Thomas v. Venditto*, 925 F. Supp. 2d 352, 360–61 (E.D.N.Y. 2013) (there was identity of issues because the plaintiff's claim of selective prosecution, which he asserted in a Section 1983 civil rights suit, had been raised, litigated, and actually decided in his motion to dismiss the prosecution before the New York state criminal court).

Moreover, the plaintiff clearly had a "full and fair opportunity to litigate" the legality of his arrest and the voluntariness of his statements. *See Fequiere v. Tribeca Lending*, No. 14-cv-

---

[14] On appeal, the plaintiff did not challenge the voluntariness of his statements to law enforcement.

812-RRM-LB, 2016 WL 1057000, at *9 (E.D.N.Y. Mar. 11, 2016) (In order to meet the "full and fair opportunity to litigate" requirement, the "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause."). Though the plaintiff's criminal prosecution is still pending, the Second Department heard and rejected his appeal of the hearing court's decision that his arrest was not supported by probable cause. *See Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996) ("Under New York law, appellate review plays a critical role in safeguarding the correctness of judgments . . . and collateral estoppel cannot be applied without first considering the availability of such review."); *cf. Venditto*, 925 F. Supp. 2d at 362 (staying Section 1983 proceeding pending resolution of plaintiff's criminal court prosecution because the plaintiff had not had a "full and fair opportunity to litigate," in light of the fact that there had been not yet been an appeal of the trial court's decision not to dismiss).

Because I find that the doctrine of issue preclusion applies to the state court's determination that the Nassau County police officers had probable cause to arrest the plaintiff on January 4, 2008 and that his statements to law enforcement were not coerced, his claims of false arrest and malicious prosecution are dismissed as a matter of law.[15] Moreover, I deny the plaintiff's request to substitute Detective Harvey for the defendant William Grunter because the identity of the arresting police officers would not alter the outcome of my decision dismissing

---

[15] Even if I concluded that the doctrine of issue preclusion did not apply, the plaintiff's claim for malicious prosecution would be dismissed. To state a cause of action for malicious prosecution, the prior criminal proceeding must have terminated in the plaintiff's favor. *Smalls v. Doe*, No. 06-cv-302-ARR, 2006 WL 270253, at *1 (E.D.N.Y. Feb. 1, 2006) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)); *see also Poventud v. City of New York*, 750 F.3d 121, 127 (2d Cir. 2014) (malicious prosecution claim requires that plaintiff claim a favorable termination of any charge arising from the criminal transaction). While the plaintiff's conviction was reversed, the criminal case has not terminated in his favor. The plaintiff does not allege, and the documents of which I take judicial notice do not support, that the plaintiff's charges were dismissed. *See Smalls*, 2006 WL 270253, at *2 (dismissing Section 1983 malicious prosecution claim because "plaintiff does not allege whether he was convicted of the charges or whether the charges were dismissed."). Consequently, the plaintiff cannot state a claim for malicious prosecution upon which relief may be granted.

the claims for false arrest and malicious prosecution. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("a futile request to replead should be denied.").

### B. Claims Against the Assistant District Attorneys

An assistant district attorney who acted within the scope of her duties in "initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages" under Section 1983. *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citations omitted). For the reasons set out in Magistrate Judge Tomlinson's well-reasoned Report and Recommendation on the Nassau County defendants' motion to dismiss in *Bristol II*, I hold that the prosecutors' entitlement to absolutely immunity can be ascertained from the complaint. *Bristol II*, 2011 WL 6937468, at *6.

### C. Monell Claims

The defendants assert that the plaintiff cannot establish municipal liability. (Defs.' Mot. to Dismiss at 14–15 (ECF no. 105).) The plaintiff appears to argue that the violation of his civil rights was a result of Nassau County's failure to train its law enforcement officers and prosecutors, and that this failure to train is an independent constructional violation.[16] Because the plaintiff has not stated a claim for an underlying constitutional violation upon which relief can be granted, the plaintiff's claims against the municipal defendant, Nassau County, are dismissed. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.").

---

[16] The *Monell* allegations present in the *Bristol I* complaint are akin to those identified in Judge Tomlinson's decision recommending dismissal of the *Monell* claims. *Bristol II*, 2011 WL 6937468, at *11.

14

### D. Conspiracy Claims

The plaintiff alleges that the defendants "acting in concert, engaged in a well orchestrated scheme to deceive the county courts to injure plaintiff and to prosecute him without due process of law." (Compl. at 1.) The defendants move to dismiss that claim. (Defs.' Mot. to Dismiss at 13–14 (ECF No. 105).) Because, the plaintiff's claim that the individual defendants violated his constitutional rights is dismissed as a matter of law, his Section 1983 conspiracy claim also fails as a matter of law. *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009), *as amended* (Oct. 7, 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."). Accordingly, because there is no underlying constitutional violation, the defendants' motion to dismiss the plaintiff's claim for conspiracy is granted.

### II. *Sua Sponte* Dismissal

The plaintiff also claims that he was subject to excessive bail in violation of the Eighth Amendment. Although the defendants have not moved to dismiss this claim, I dismiss it *sua sponte*.

While, as discussed above, I assume the truth of all well-pleaded, non-conclusory factual allegations in the complaint, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action "at any time" where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The plaintiff's allegation related to excessive bail does not state a claim on which relief may be granted.

The plaintiff complains that the fact that there were seven felony complaints induced the court to set bail so excessive, it "amount[ed] to no bail for plaintiff." However, the individual defendants named in the plaintiff's complaint—prosecutors and police officers—did not set Mr.

Bristol's bail. The state court judge set the bail.[17] This judicial act breaks the chain of causation, such that neither the arresting officers nor the prosecutor can be liable on a theory that Mr. Bristol was denied his constitutional right to be free from excessive bail. *See Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (chain of causation broken by intervening exercise of independent judgment). Accordingly, to the extent that the plaintiff claims that he was denied his Eighth Amendment right to be free from excessive bail, that claim is dismissed.

### III.  Leave to Amend

Ordinarily, a *pro se* plaintiff is given an opportunity to amend his complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco*, 222 F.3d at 112 (internal citations omitted). However, where, as here, it is clear from the complaint that he cannot state a claim for relief, the court need not grant an opportunity to amend. *See, e.g., Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013) *cert. denied*, 133 S.Ct. 2038, 185 L.Ed.2d 887 (2013). The problems with the plaintiff's causes of action are substantive; "better pleading will not cure [them]." *Cuoco*, 222 F.3d at 112. Accordingly, I do not grant the plaintiff leave to amend his complaint.

---

[17] Amendment to name the state court judge would be futile, as the judge enjoys absolute judicial immunity for setting bail. *Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006) ("Ordinarily, it is judges who set bail . . . and judges enjoy absolute immunity when they do so.").

## CONCLUSION

For the foregoing reasons, the complaint is dismissed in its entirety, and I deny the plaintiff leave to amend his complaint.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      May 12, 2016